# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

ANTHONY MCDOUGAL, JR.                                                                          PLAINTIFF

v.                                      3:18CV00203-KGB-JTK

CRAIGHEAD COUNTY DETENTION CENTER, et al.                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   Introduction

Plaintiff Anthony McDougal is an inmate incarcerated at the Craighead County Detention Facility (Jail), who filed this pro se 42 U.S.C. § 1983 action against the Jail and E. Stanfield. (Doc. No. 4) By Order dated November 20, 2018, this Court granted Plaintiff's Motion to Proceed in forma pauperis (IFP) and directed him to submit an Amended Complaint in thirty days, specifying how Defendant Stanfield violated his due process rights. (Doc. No. 4) The Court cautioned Plaintiff that his failure to comply with the instructions set forth in the Order could result in the dismissal of his action for failure to prosecute. (Id.) However, as of this date, Plaintiff has not filed an Amended Complaint.

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

### II.   Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C. §

1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops

short of the line between possibility and plausibility of entitlement to relief." Id.

**III.    Facts and Analysis**

To support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Plaintiff alleged that Defendant Stanfield verbally harassed him, used racial slurs against him, and placed him in lockdown for eleven days for behavior that he did not commit. (Doc. No. 1) In the November 20, 2018 Order, the Court noted that the allegations of verbal abuse and racial slurs do not support a constitutional claim for relief,[1] and that Plaintiff should submit an Amended Complaint which included specific facts about his lockdown allegations. The Court also noted that the Jail is not considered a "person" within the meaning of 42 U.S.C. § 1983 and cannot be sued. See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (holding that police and sheriff's departments are not usually considered legal entities subject to suit); Ketchum v. City of West Memphis, 974 F.2d 81 (8th Cir. 1992) (holding that the West Memphis Police Department and Paramedic Services are departments or subdivisions of the City government and not separate juridical entities).

While a "person held in confinement as a pretrial detainee may not be subjected to any form of punishment for the crime for which he is charged," a pretrial detainee "may be punished...for misconduct that occurs while he is awaiting trial." Hawkins v. Byrd,

---

[1] "Verbal abuse by correctional officials, even the use of reprehensible racially derogatory language, is not by itself unconstitutional race discrimination 'unless it is pervasive or severe enough to amount to racial harassment.'" Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir. 2007) (quoting Blades v. Schuetzle, 302 F.3d 801, 805 (8th Cir. 2002)).

4:08cv01791WRW, 2009 WL 1313269 (E.D.Ark.) (quoting Rapier v. Harris, 172 F.3d 999, 1002-3 (7th Cir. 1999)). In his Complaint, Plaintiff claimed he was "written up and placed on lockdown for 11 days." However, he included no specific facts such as the charges filed against him or whether Defendant Stanfield provided him any due process procedures in conjunction with the punishment. In the November 20, 2018 Order, the Court directed Plaintiff to "file a short Amended Complaint which sets forth the due process claim based on his placement in lockdown. Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect.[2] Only claims properly set out in the Amended Complaint will be allowed to proceed. Plaintiff's Amended Complaint should: **1) name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; and 4) state how he was harmed. Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, times and places, and the conditions of his confinement in lockdown.**" (Doc. No. 4, p. 3) Absent additional facts as set forth above, Plaintiff's Complaint fails to "state a claim to relief that is plausible on its face," and should be dismissed, for failure to state a claim upon which relief may be granted. Ashcroft v. Iqbal, 556 U.S. at 678.

**IV.    Conclusion**

---

[2] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. Of America, 101 F.3d 600, 603 (8th Cir. 1996), (quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted)).

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint against Defendants be DISMISSED without prejudice, for failure to state a claim upon which relief may be granted.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[3]

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 4th day of January, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[3] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.