**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**ANTHONY MCDOUGAL, JR.**                                                                                   **PLAINTIFF**

**v.**                                        **Case No. 3:18-cv-00203-KGB-JTK**

**CRAIGHEAD COUNTY**
**DETENTION CENTER,** *et al*.                                                                          **DEFENDANTS**

**ORDER**

Before the Court is a letter from plaintiff Anthony McDougal, Jr., which the Court interprets to be a notice of change of address and a motion for reconsideration (Dkt. No. 11). For the following reasons, the Court denies Mr. McDougal's motion for reconsideration (*Id.*).

Mr. McDougal filed this *pro se* 42 U.S.C. § 1983 action against the Craighead County Detention Facility and E. Stanfield (Dkt. No. 1). On November 20, 2018, United States Magistrate Judge Jerome T. Kearney granted Mr. McDougal's motion to proceed *in forma pauperis* and directed him to submit an amended complaint within 30 days (Dkt. Nos. 4; 5). Judge Kearney cautioned Mr. McDougal that his failure to comply with the instructions set forth in the order could result in the dismissal of his action for failure to prosecute (Dkt. No. 4, at 5). However, Mr. McDougal did not file an amended complaint. On January 4, 2019, Judge Kearney recommended that this Court dismiss without prejudice Mr. McDougal's complaint for failure to state a claim upon which relief may be granted (Dkt. No. 6). On July 15, 2019, this Court adopted Judge Kearney's recommendation and dismissed without prejudice Mr. McDougal's complaint (Dkt. Nos. 8; 9).

Mr. McDougal represents that he had family problems that prevented him from focusing on this case as well as two other cases that he has pending in this district (Dkt. No. 11). He claims that, now that his family issues are resolved, he would like to continue to pursue his claims (*Id.*).

Mr. McDougal requests information regarding the steps he can take to proceed with this case, which this Court interprets to be a motion for reconsideration of its dismissal of his complaint (*Id.*).

A motion for reconsideration "serve[s] the limited function of correcting manifest errors of law or fact or . . . present[ing] newly discovered evidence" after a final judgment. *United States v. Metro St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citations omitted) (quotation marks omitted). Here, the Court sees no legal or factual basis on which to reconsider its prior ruling. Rule 5.5(c)(2) of the Local Rules of the United States District Courts for the Eastern and Western Districts of Arkansas requires *pro se* litigants: (1) to notify promptly the Court and the other parties in the case of any change of address; (2) to monitor the progress of the case; and (3) to prosecute or defend the action diligently. Mr. McDougal failed to respond to Judge Kearney's direction to amend his complaint, and this Court dismissed without prejudice his complaint for failure to state a claim upon which relief may be granted. The Court therefore denies Mr. McDougal's motion for reconsideration. This Court's prior dismissal without prejudice does not bar Mr. McDougal from filing his claims in a new action; the Court takes no position on whether such an action would succeed.

It is so ordered this 29th day of September, 2020.

Kristine G. Baker
United States District Judge